IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Littlejohn,<br><br>        Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections; Warden Levern Cohen, individually and/or in his official capacity as Warden of Ridgeland Correctional Institution,<br><br>        Defendants. | Civil Action No. 0:19-CV-02101-JFA<br><br><br>**ORDER** |

## I.      INTRODUCTION

Brian Littlejohn ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 *et seq*. (ECF No. 2). Although this case was originally filed as a multi-Plaintiff action on October 31, 2017, the cases were later severed into separate actions. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this case was referred to the Magistrate Judge.

This matter is before the Court on Defendants South Carolina Department of Corrections' ("SCDC") and Warden Levern Cohen's ("Cohen") (collectively "Defendants") Motion for Summary Judgment which was filed on April 12, 2019. (ECF No. 3). On June 13, 2019, Plaintiff filed a Response in Opposition. (ECF No. 4). On July 19, 2019, Defendants filed a Reply. (ECF No. 5). The Magistrate Judge granted the parties a limited re-opening of discovery to allow Defendants to supplement their responses to certain discovery requests from Plaintiff and to allow Plaintiff to depose an expert witness. (ECF No. 23). Following the deposition of Plaintiff's expert

witness, the parties submitted supplemental briefing on Defendants' dispositive motion. (ECF No. 33; 35).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") (ECF No. 47) and opines that Defendants' motion for summary judgment (ECF No. 3) should be granted in part and denied in part. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and the Court incorporates those facts and standards without a recitation.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, the Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The parties were advised of their right to object to the Report, which was entered on the docket on November 25, 2019. (ECF No. 47). On December 9, 2019, Defendants timely filed

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Objections (ECF No. 53), and Plaintiff filed a Reply on December 23, 2019. (ECF No. 55). Thus, this matter is ripe for the Court's review.

## II.    LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## III.    DISCUSSION

This action rises from an alleged inmate-on-inmate attack that occurred at Ridgeland Correctional Institution ("Ridgeland"). Although the Magistrate Judge provides a thorough recitation of the facts which is incorporated by reference, a brief summary is necessary to address Defendants' objections.

Plaintiff alleges that on February 1, 2017, he was in his room with the door unlocked when three other inmates rushed into his room and attempted to rob him by pulling a knife. Plaintiff tried to run away but was tripped by another inmate and then stabbed in his back. Plaintiff alleges that Correctional Officer Cedric Major ("Major") was assigned to handle both wings in the dorm but was not on the wing where Plaintiff was located at the time of the attack. When Major discovered Plaintiff was injured, he had some inmates take him to medical. Subsequently, Plaintiff was airlifted to the Medical University of South Carolina where he was hospitalized for five days. After he was released, he was sent to the infirmary at Kirkland Correctional Institution and then was transferred to Evans Correctional Institution.

In the amended complaint, Plaintiff alleges four causes of action: (1) injunctive relief pursuant to S.C. Code Ann. § 15-43-30 and 42 U.S.C. § 1983; (2) deliberate indifference against Defendant Cohen pursuant to § 1983; and (3) failure to implement appropriate policies, customs, and practices against Defendant Cohen pursuant to § 1983; and (4) violation of the SCTCA against Defendants SCDC and Cohen. Additionally, Plaintiff seeks relief under the "the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution."

In the Report, the Magistrate Judge first addresses the failure of Plaintiff to exhaust his administrative remedies and whether this failure should bar Plaintiff's claims. The Magistrate Judge recommends that this action should not be dismissed because of the failure of Plaintiff to exhaust his administrative remedies.

Next, the Magistrate Judge proceeds to address the merits of Plaintiff's claims. The Magistrate Judge recommends that summary judgment should be denied as to Plaintiff's § 1983 Eighth Amendment claims against Defendant Cohen in his individual capacity and his state law claims for negligence and gross negligence against Defendant SCDC. The Magistrate Judge

recommends that the Court grant Defendants' motion for summary judgment on the remainder of Plaintiff's claims such that they are dismissed with prejudice.

For the reasons set forth below, the Court adopts in part and rejects in part the Report and Recommendation and therefore, Defendants' motion for summary judgment is granted in part and denied in part.

### a. Exhaustion of Administrative Remedies

The Court will first address the issue of the failure of the Plaintiff to exhaust his administrative remedies and whether this failure bars this suit before considering the merits of Plaintiff's claims. The parties do not dispute that Plaintiff has failed to exhaust his administrative remedies prior to filing this suit as required by the Prison Litigation Reform Act ("PLRA").[2] However, the parties do dispute whether Plaintiff's administrative remedies were effectively unavailable to him such that his failure to exhaust can be excused and his claims can proceed.

The Magistrate Judge finds "an issue of material fact as to whether the Inmate Grievance System operated as a 'dead end' in this instance such that the administrative remedy process was unavailable to him with respect to the February 1, 2017 assault." While the Court agrees with the Magistrate Judge that the administrative remedy process was effectively unavailable to Plaintiff, it disagrees with the Magistrate Judge's conclusion that the issue of exhaustion presents a question of fact to be decided by a jury. The Fourth Circuit has held that "whether a Plaintiff has properly exhausted all administrative remedies is a pure question of law…" *E.L ex rel. Lorsson v. Chapel Hill-Carrboro Bd. of Educ.*, 773 F.3d 509, 514 (4th Cir. 2014); *Talbot v. Lucy Corr Nursing Home*,

---

[2] Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

118 F.3d 215, 218 (4th Cir. 1997) (holding that whether plaintiff properly exhausted all administrative remedies is a question of law reviewed de novo). Therefore, the Court may resolve the question of exhaustion without the participation of a jury. *Woodhouse v. Duncan*, 741 Fed. App'x, 177, 178 (4th Cir. 2018) ("Judges may resolve factual disputes relevant to the exhaustion issue without participation of a jury.").

Plaintiff submitted his Step 1 grievance on March 10, 2017 in which he complains that he was attacked on February 1, 2017 as a result of gang activity, inadequate security, and proliferation of contraband at Ridgeland. On March 22, 2017, the grievance was returned as processed and the response stated that it was being returned because it was not submitted within eight days of the incident as required by the Inmate Grievance System. On March 24, 2017, Plaintiff filed another Step 1 grievance explaining that he was hospitalized until February 10, 2017 and after his release, he was on bed rest and unable to write. Plaintiff's second Step 1 grievance was also returned, and the response stated that inmates cannot file a grievance on an unprocessed grievance or on the disposition of a previous grievance.

In their objections, Defendants argue Plaintiff failed to exhaust his administrative remedies because he failed to file an informal resolution as required by the Inmate Grievance System. However, as the Magistrate Judge correctly points out, it is unclear as to whether an informal resolution was required. The Inmate Grievance System at SCDC requires that inmates initially attempt to resolve grievances informally, however, informal resolution is not required when the matter involves allegations of criminal activity. For support, the Magistrate Judge quotes Mary Montouth, the Inmate Grievance Coordinator ("Montouth") who testified at her deposition that "criminal activity…. doesn't have to [file] an information resolution on that."

Defendants attempt to argue that an informal resolution was clearly required because Plaintiff's grievance did not involve criminal activity. Defendants explain "the only criminal activity which could be derived from Plaintiff's grievances regarding his attack was the criminal conduct of a third party, not of SCDC or its agents." This argument suggests that because Plaintiff's attack was at the hands of other inmates, third parties, and not SCDC, it was not criminal activity requiring a Step 1 grievance. The Court disagrees because Plaintiff was stabbed, and this conduct was criminal activity—regardless of the perpetrator.

Further, Defendants argue that Plaintiff's Step 1 grievance was unnecessary because SCDC "was already aware it had occurred and had taken steps to investigate what happened." This argument also lacks merit. In Plaintiff's grievance form as quoted by the Magistrate Judge, Plaintiff stated he was stabbed in his back after trying to run away from three inmates who were attempting to rob him. Defendants' argument suggests that no inmate should ever file a grievance about an occurrence in the prison when they are investigating the same. This argument assumes that inmates and SCDC personnel discuss ongoing investigations to such an extent that the inmates would have sufficient knowledge of the details to believe that filing a grievance on the same matter would be unnecessary. The Court is unwilling to make this same assumption. Further, Plaintiff's grievance encompasses more than a complaint about his attack because it also alleges that Major left his wing unsupervised at the time of his attack and he requested that Major be reprimanded. Defendants do not provide any evidence that Plaintiff would have had sufficient knowledge regarding whether SCDC was taking any action to address this concern such that Plaintiff would feel that filing a grievance would be unnecessary.

Additionally, Defendants object that Plaintiff has failed to show good cause for his untimely Step 1 grievance. Plaintiff was attacked on February 1, 2017 and filed his Step 1

grievance on March 10, 2017. As the Magistrate Judge recounts, Plaintiff returned from the hospital to SCDC custody at Kirkland Infirmary on February 4, 2017. He was then transferred to Evans Correctional Institution on February 10, 2017. He visited Kirkland Infirmary on February 21, 2017 and returned to Evans that same day. Defendants argue that Plaintiff's grievance was untimely as it was filed thirty-seven days after his attack. Even using the most conservative date of when Plaintiff was released from all medical facilities, Defendants assert his grievance was still twenty days late.

The Magistrate Judge addressed Plaintiff's untimeliness in the Report as Defendants presented a similar argument in their motion for summary judgment. The Magistrate Judge concluded that an exception could have been made for Plaintiff's untimely submission. Section 13.10 of the Inmate Grievance System allows exceptions to the eight-day time limit "provided the inmate can show reasonable cause, i.e., inmate physically unable to initiate grievance due to hospitalization." In Plaintiff's second grievance, he stated that he was on bed rest for one or two weeks after moving to the Evans Correctional Institution on February 10, 2017 and he was not "in a condition to be writing." Defendants do not address the Magistrate Judge's application of this exception in their objections. The Court agrees with the Magistrate Judge's conclusion that Plaintiff had a legitimate excuse for the untimely submission of his Step 1 grievance but had no way to put the excuse before an SCDC official. Additionally, there is no evidence that Defendants or their agents attempted to apply section 13.10 to Plaintiff's grievance even though Defendants make clear in the objections that they were aware of the attack and Plaintiff's hospitalization.

Therefore, the Court adopts in part and rejects in part the Report and Recommendation. The Court declines to adopt the Magistrate Judge's conclusion that the issue of exhaustion presents a question of fact to be decided by a jury because the Fourth Circuit has held that it is an issue of

law. The Court adopts the Magistrate Judge's conclusion that Plaintiff's administrative remedies were effectively unavailable and finds that the failure of Plaintiff to exhaust does not bar this suit. Defendants' motion for summary judgment as to non-exhaustion is denied and the Court will now consider the merits of Plaintiff's claims.

### b. Eleventh Amendment Immunity

The Magistrate Judge finds that Plaintiff's § 1983 claim for injunctive relief against Defendant SCDC and § 1983 claim for monetary damages against Defendant Cohen in his official capacity are barred by the Eleventh Amendment. Further, the Magistrate Judge concludes that the Eleventh Amendment does not bar Plaintiff's § 1983 claim for prospective injunctive relief against Defendant Cohen in his official capacity. However, Plaintiff has been released from Defendant SCDC's custody and as such, Plaintiff's claim for injunctive relief against Defendant Cohen in his official capacity is moot. Defendants did not file objections on this ground.

Accordingly, the Court adopts the Report and Recommendation and grants Defendants' motion for summary judgment as to Plaintiff's § 1983 claim against Defendant Cohen for monetary damages in his official capacity and Plaintiff's § 1983 claim against Defendant SCDC for injunctive relief as barred by the Eleventh Amendment. Although Plaintiff's claim for injunctive relief against Defendant Cohen in his official capacity is not barred by the Eleventh Amendment, it is moot for the reasons discussed below.

### c. Constitutional Claims against Defendant Cohen

Plaintiff brings several claims for constitutional violations pursuant to § 1983 against Defendant Cohen. As laid out in the Report and Recommendation, Plaintiff alleges that Defendant Cohen deprived him of his rights, as guaranteed by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, due process of law and to be free from cruel and unusual

punishment. Additionally, Plaintiff seeks relief under the Seventh Amendment of the United States Constitution. The Court will address each of Plaintiff's constitutional claims in turn.

### i. Plaintiff's Fifth and Fourteenth Amendment Rights

The Magistrate Judge recommends granting Defendants' motion for summary judgment on Plaintiff's claims for violation of his Fifth and Fourteenth Amendment rights. Plaintiff alleges that "Defendants failed to protect the Plaintiff from violence in violation of the Plaintiff's Fifth, Eighth, and Fourteenth Amendments." Plaintiff's claims are based on allegations of Defendant Warden Cohen's deliberate indifference and failure to adequately train and supervise SCDC employees. However, as the Report sets out, Plaintiff is a state prisoner not a pretrial detainee and as such, his claims implicate the Eighth Amendment's protection against cruel and unusual punishment, not the Fourteenth Amendment's requirement of due process.

Defendants did not file objections on this ground and in Plaintiff's reply to Defendants' objections, Plaintiff requests the Court adopt the Report and Recommendation in full. In the absence of specific objections to the Report of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Therefore, the Court adopts the Report and Recommendation on this ground and grants Defendants' motion for summary judgment based on Plaintiff's claims for violation of his Fifth and Fourteenth Amendment rights.

### ii. Plaintiff's Seventh Amendment Rights

The Magistrate Judge recommends granting Defendants' motion for summary judgment on Plaintiff's claims for violation of his Seventh Amendment rights. As the Magistrate Judge correctly points out, the Seventh Amendment guarantees the right to a jury trial and the amended complaint does not allege how Defendant Cohen has violated Plaintiff's Seventh Amendment

right. Defendants did not file objections on this ground and in Plaintiff's reply to Defendants' objections, Plaintiff does not further explain this allegation and simply requests that the Court adopt the Report and Recommendation in full. Therefore, the Court adopts the Report and Recommendation and grants Defendants' motion for summary judgment based on Plaintiff's claim for a violation of his Seventh Amendment right.

### iii. Plaintiff's Eighth Amendment Rights

The Magistrate Judge recommends that the Court deny Defendants' motion for summary judgment based on Plaintiff's Eighth Amendment claims against Defendant Cohen. The Magistrate Judge also concludes that Defendant Cohen is not entitled to qualified immunity because there is a genuine issue of material fact as to whether Defendant Cohen violated Plaintiff's clearly established rights.

In the amended complaint, Plaintiff alleges that Defendant Cohen acted "in a deliberate indifferent manner" by "allowing uncontrolled violence in the correctional institution"; "failing to provide protection and security for the Plaintiff"; and "allowing inmates to have dangerous weapons." Additionally, Plaintiff alleges Defendant Cohen failed to adequately train and supervise SCDC employees, and he "implicitly or explicitly, adopted and implemented careless and reckless policies, customs, and practices, including…failing to prevent inmates from obtaining and possessing dangerous weapons."

Defendants filed four objections to the Report on this ground which the Court will address in turn.

### 1. The Magistrate Judge Relies on Inapplicable Authorities

In their objections, Defendants argue that the Magistrate Judge relies on two cases to support its finding that a genuine issue of material fact exists as to Plaintiff's Eighth Amendment and state law claims and both cases are distinguishable from the case at bar. The Court disagrees.

The Magistrate Judge cites to *Wynn v. Perry* to support its recommendation of denying summary judgment as to Plaintiff's Eighth Amendment claims. No. 3:14-CV-625-FDW, 2018 WL 1077321, at 28 (W.D.N.C. Feb. 27, 2018). In *Wynn*, the Court found a genuine issue of material fact existed as to the plaintiff's Eighth Amendment failure to protect claim because the plaintiff was able to show that a "substantial risk of serious harm was longstanding, pervasive, and well-documented before the attack on him occurred." *Id.* According to Defendants, *Wynn* can be distinguished from the case at hand because in *Wynn,* that court noted that the defendant prison administrator "had access to tools for reducing the danger in the housing units and there is a genuine dispute with regards to whether he took reasonable actions to reduce the threat to inmates' safety." *Id.* Whereas, here, Defendants assert Plaintiff has failed to offer evidence that Defendant Cohen had access to tools for reducing any potential danger to Plaintiff.

The Magistrate Judge points out that the Roth Report[3] "makes a number of recommendations for an 'effective prevention and detection plan' to decrease the number of contraband related incidents and incidents of assault." However, "there is no evidence in the record that Defendant Cohen ever took steps such as those recommended in the Roth Report…" Additionally, Plaintiff has alleged that Major was assigned to both wings of a dorm and allegedly

---

[3] The "Roth Report" was drafted by Tom Roth in March of 2018 in connection with a settlement of another case against SCDC (the "Mental Health Settlement"). It analyzes 13 SCDC institutions, including Ridgeland where Plaintiff was located when he was attacked. The report provides a "security staffing assessment" based on documentation reviews, staff interviews, and on-site assessments.

was not on the wing where Plaintiff was located at the time of his attack. Despite Defendant Cohen testifying that if a correctional officer must leave their assigned wing, they should first secure the wing by locking all the cell doors, there is no evidence that he addressed Major's violation after Plaintiff's attack.

Viewing the facts in the light most favorable to Plaintiff, the Court finds there is a genuine issue of material fact with regards to whether Defendant Cohen had access to tools for reducing potential danger to inmates. Moreover, like the defendant prison administrator in *Wynn*, there is a genuine dispute with regards to whether Defendant Cohen took reasonable action to reduce any threat to inmates' safety. Therefore, the Court finds the Magistrate Judge's reliance on *Wynn v. Perry* is proper and overrules Defendants' objection.

Defendants next argue that Plaintiff has failed to establish that Defendant Cohen was aware of a "substantial risk of serious harm that was longstanding, pervasive, and well documented before the alleged assault on him occurred." In *Wynn*, the court concluded that the defendant prison administrator was sufficiently aware of a substantial risk of harm when he learned "via PA announcements, emails, phone calls, and incident reports, that inmate-on-inmate attacks with contraband weapons frequently occurred in the prison." *Id.* Similarly, Defendant Cohen testified that he reviews contraband reports, has weekly briefing regarding the ongoing issues of security in his facility, reviews inmate's grievances regarding assaults and criminal activity, and reviews the compliance audits.

The Court finds that the circumstantial evidence in the instant action is sufficiently similar to the evidence presented in *Wynn* to overrule Defendant Cohen's objection on this ground. There is a genuine dispute with regards to whether Defendant Cohen was aware of a substantial risk of serious harm that was longstanding, pervasive, and well documented before Plaintiff's assault

occurred. Therefore, the Court finds the Magistrate Judge's reliance on *Wynn v. Perry* is proper and overrules Defendants' objection.

The Magistrate Judge also cites to *Hollabaugh v. Cartledge* to further support the recommendation of denying summary judgment as to Plaintiff's Eighth Amendment claims. No. 9:14-CV-1324-BHH-BM, 2016 WL 11423538 (D.S.C. May 7, 2016). In *Hollabaugh v. Cartledge*, that court found a genuine issue of material fact as to the plaintiff's Eighth Amendment failure to protect claim against the defendant warden and defendant associate warden where the plaintiff alleged he was beaten and stabbed by other inmates after his cell door was left unlocked and unsecured in violation of SCDC policy. *Id.*

In their objections, Defendants argue that *Hollabaugh* is distinguishable from the case at hand because here there is not an SCDC policy or procedure at issue. Rather, Defendants argue this case presents the question of supervisory liability and there is no evidence in the record to establish the requisite elements for this claim. However, the Court finds these concepts are not mutually exclusive. The instant case presents the question of supervisory liability based on an alleged violation of Ridgeland policy which may have led to Plaintiff's attack.

The Magistrate Judge cites to the Post Orders which indicate that housing unit officers at Ridgeland are to "remain on assigned wing at all times to maintain sight and sound of inmates." In Major's affidavit, he avers that he was the "only correctional officer" assigned to Plaintiff's wing on the day of Plaintiff's attack. Major avers that he opened all cell doors in one wing of the housing unit where Plaintiff was located before leaving to unlock the doors of another wing. Plaintiff alleges he was attacked when Major was not on his wing. As pointed out by the Magistrate Judge, per the Post Order, Major should have never left the first wing and by doing so, he violated Ridgeland policy. Moreover, the Magistrate Judge argues that there is no evidence in the record

that Defendant Cohen ever addressed this policy violation. The Court finds that this case involves a specific policy or procedure at issue and supervisory liability because of a genuine dispute as to whether Defendant Cohen took any steps to address the alleged policy violations by the employees. Therefore, the Magistrate Judge's reliance on *Hollabaugh* is proper and overrules Defendants' objection.

### 2. The Roth Report is Misconstrued and Taken without Context

In their objections, Defendants argue that the Magistrate Judge simply accepts Plaintiff's presentation of the Roth Report as evidence and improperly uses it as support in denying Defendants' motion for summary judgment. Defendants assert that the Magistrate Judge uses the Roth Report to conclude that Defendants should have been aware of the understaffing issues at Ridgeland and that those issues would result in Plaintiff being assaulted. Defendants contend this conclusion is improper because Plaintiff's attack occurred in April of 2016, and Mr. Roth did not visit Ridgeland until September 2017.

The Court disagrees with Defendants' arguments. The Magistrate Judge does not use the Roth Report as conclusive evidence but rather, uses it as support in denying Defendants' motion because it creates a genuine dispute as to whether Defendants were aware of the alleged understaffing issues and whether those issues contributed to Plaintiff's attack.

Additionally, while Mr. Roth may not have physically visited Ridgeland until September 2017, his report includes a chart of security staff levels at Ridgeland from 2011 to 2018. As the Magistrate Judge pointed out, the chart shows a "24% decrease in available staff from January 1, 2013 to January 1, 2018." Further, the Roth Report concludes that there is a correlation between the decrease in staffing and increase in contraband related incidents and incidents of assaults. Viewing the facts in the light most favorable to Plaintiff, a site visit does not appear to have been

necessary for Mr. Roth to perform his analysis or come to his conclusions. The Magistrate Judge properly used these conclusions to find a genuine issue of material fact for summary judgment.

Therefore, the Court finds the Magistrate Judge's reliance on the Roth Report is proper and overrules Defendants' objections.

### 3. Prior Inmate-on-Inmate Assaults are Inadequate to give Rise to Supervisory Liability

In their objections, Defendants argue that the notice of understaffing issues is insufficient to constitute notice in a gross negligence or deliberate indifference analysis. Defendants assert that the application of "general notice" on a correctional institution is imposing a strict liability standard which is improper. Defendants argue Plaintiff has failed to establish Defendant Cohen was aware of specific facts which would give rise to an inference that Plaintiff would be subject to an attack. Finally, Defendants argue there is no evidence supporting the contention that the prior number of assaults and contraband violations correlate to inmate-on-inmate violence.

Defendants argue the Magistrate Judge imposed an improper "general notice" standard on Plaintiff's claims of gross negligence and deliberate indifference. The Court first notes that Defendants' objection fails to cite or otherwise reference where in the Report the Magistrate Judge imposes this standard. *States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (objections must be specific and particularized in order to direct the attention of the district court to "only those issues that remain in dispute after the magistrate judge has made findings and recommendations."). *Tyler v. Wates*, 84 Fed. App'x 289, 290 (4th Cir. 2003) ("a general objection to the entirety of the magistrate judge's report is tantamount to a failure to objection."). The Court finds that Defendants' objection is improper and does not warrant *de novo* review.

However, to the extent that Defendants' objection is considered, Defendants' argument misses the mark. The Magistrate Judge never imposed a general notice standard or strict liability

upon Defendant SCDC. In fact, the Magistrate Judge made clear that "the Supreme Court has outlined two requirements for an Eighth Amendment Failure to protect claim…" "First, a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities." "Second, the prison official must have a 'sufficiently culpable state of mind," …. which means the official…acted with 'deliberate indifference.'" "A prison official demonstrates deliberate indifference if he 'knows of and disregards an excessive risk to inmate health or safety.'"

Further, the Magistrate Judge explained that Plaintiff could establish a genuine issue of material fact as to Defendant Cohen's deliberate indifference by showing that a "substantial risk of serious harm was longstanding, pervasive, and well-documented before the attack on him occurred." *Wynn v. Perry*, No. 3:14-CV-625-FDW, 2018 WL 1077321, at 28 (W.D.N.C. Feb. 27, 2018). Here, Plaintiff has sufficiently demonstrated, through the Roth Report, that he was subject to a substantial risk of serious harm that was longstanding, pervasive, and well documented before his attack on February 1, 2017. The Magistrate Judge takes special care to walk through the evidence Plaintiff presented in order to demonstrate that there is a genuine dispute of material fact as to Defendant Cohen's deliberate indifference to a threat to Plaintiff's safety.

Specifically, the Magistrate Judge refers to the Roth Report which revealed "Ridgeland was severely understaffed during the time period relevant to this case; that the staffing levels directly impacted the number of contraband related incidents and incidents of assault; and that Ridgeland experienced a higher than average number of contraband related incidents and incidents of inmate-on-inmate assault." Additionally, the Roth Report stated, "the number of inmate-on-inmate assaults at Ridgeland were higher than that reported by other male level 2 facilities reviewed." The Magistrate Judge specifically points out Defendant Cohen's deposition testimony which established that he would have been notified of any contraband related incidents and inmate-

on-inmate assaults at Ridgeland. While the Roth Report "makes a number of recommendations for an 'effective prevention and detection plan' to decrease the number of contraband related incidents and incidents of assault," there is "no evidence in the record that [Defendant ] Cohen ever took steps such as those recommended in the Roth Report to address the staffing issues."

Defendants' final argument on this point is that the Magistrate Judge's reasoning implies that Defendants would be found grossly negligent/deliberately indifferent any time an inmate was assaulted, and Ridgeland was not fully staffed. The Court finds that this argument is unpersuasive. The argument suggests that Plaintiff's attack was a one-off incident that occurred when Ridgeland happened to be lacking a full complement of correctional officers. However, Plaintiff's evidence indicates otherwise. As the Magistrate Judge states, Plaintiff was attacked on February 1, 2017 and in that same year there were 41 incidents of inmate-on-inmate assaults and 98 contraband incidents. Further, the Roth Report stated that from 2011 to 2018 Ridgeland was consistently operating at extremely deficient staffing levels. Defendants' argument that Defendants would be found grossly negligent/deliberately indifferent any time an assault occurred is inconsistent with the facts of this case.

Next, Defendants argue that "there is no evidence that Warden Cohen was aware of specific facts from which an inference could be drawn that Plaintiff was subject to a substantial risk of harm." However, in *Wynn v. Perry*, the Court found "no issue with the plaintiff's failure to establish that the prison administrator knew 'of a *specific* risk' to the plaintiff posed by a *specific* inmate." *Id.* (emphasis added). Contrary to Defendants' assertion, Plaintiff was not required to establish Defendant Cohen was aware of specific facts because the Court in *Wynn* held that it was sufficient to find a genuine dispute of material fact when Plaintiff was able to show a "substantial risk of serious harm was longstanding, pervasive, and well-documented before the attack on him

occurred." *Id.* As discussed previously, Plaintiff has produced evidence sufficient to make this showing.

Additionally, Defendants' argument that there is no evidence supporting the contention that the prior number of assaults and contraband violations correlate to inmate-on-inmate violence seems to boil down to their disagreement with the Roth Report and Mr. Aiken's[4] expert opinion. Whether or not a correlation exists between prior assaults, contraband violations, and inmate-on-inmate violence is an issue for Defendants to take up at trial during cross examination, but it is not a reason to overrule the Magistrate Judge's findings.

Therefore, the Court finds that the Magistrate Judge does not impose an improper standard, Plaintiff was not required to establish Defendant Cohen was aware of specific facts for a finding of deliberate indifference, and whether there is a correlation between the prior number of assaults, contraband violations, and inmate-on-inmate violence is an issue for the jury. Defendants' objection is overruled.

### 4. Plaintiff's Expert Witness is Given Undue Weight

In their objections, Defendants argues that the Magistrate Judge improperly relies on Plaintiff's expert witness' conclusion that the number of contraband related incidents and staffing levels at Ridgeland should have put Defendant Cohen on requisite notice of a threat to Plaintiff's safety. Defendant Cohen contends that there is no correlation between contraband weapons and an assault by one inmate on another. Further, Defendant Cohen suggests that he was not on notice of a threat to Plaintiff's safety simply because another inmate-on-inmate assault occurred at Ridgeland prior to Plaintiff's attack.

---

[4] Plaintiff submitted three expert reports drafted by his expert witness, James Aiken, a former Warden, Deputy Warden, and Deputy Regional Administrator in South Carolina.

As to this ground, the Court overrules Defendants' objection. At trial, the jury will be tasked with evaluating the Plaintiff's expert's credibility and deciding what weight, if any, to give to his testimony, in light of the Court's instructions on the law. *United States v. Dorsey*, 45 F.3d 809, 815 (4th Cir. 1999); *Samuel v. Ford Motor Co*., 112 F. Supp.2d 460, 469 (D. Md. September 1, 2000). At this stage, Plaintiff is entitled to have the credibility of all his evidence presumed. *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990). The Court finds that the Magistrate Judge's reliance on Plaintiff's expert opinion is proper and overrules Defendants' objection.

### d. Plaintiff's State Law Claims for Violation of SCTCA

The Magistrate Judge recommends that Defendant SCDC is the proper Defendant with respect to Plaintiff's state law claims for negligence and gross negligence and that there is a genuine issue of material fact as to whether Defendant SCDC is liable for the alleged negligence and gross negligence of Major and Cohen.

Although Plaintiff has brought these state law claims against Defendant SCDC and Defendant Cohen, the SCTCA makes clear that an employee of a governmental entity "is not liable except for actual fraud, actual malice, intent to harm, or a crime involving moral turpitude. S.C. Code Ann. 15-78-70(a). Plaintiff has only alleged negligence and gross negligence against Defendant Cohen in his official capacity and these claims do not involve actual fraud, actual malice, intent to harm, or a crime involving moral turpitude. As the Magistrate Judge has correctly concluded, Defendant SCDC is the only proper Defendant with respect to Plaintiff's state law claims. The SCTCA provides that a governmental entity can be held liable for a loss resulting from a "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any…prisoner [or] inmate…of any governmental entity…when the responsibility or duty is exercised in a grossly negligent manner." S.C. Code Ann. § 15-78-60(25) (2005). Gross

negligence is a mixed question of law and fact and should be presented to the jury unless the evidence supports only one reasonable inference. *Bass v. S.C. Dep't of Soc. Servs*., 414 S.C. 558, 571, 780 S.E.2d 252, 259 (2015).

Additionally, the Magistrate Judge concluded that the Eleventh Amendment does not bar Plaintiff's state law claims against Defendant SCDC. The Magistrate Judge explained that "by voluntarily removing a case to federal court, a defendant waives any immunity from suit in federal court with respect to any claims it otherwise would have been subject to in state court." *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S 613, 619 (2002). In other words, the Eleventh Amendment does not provide Defendant SCDC with immunity because it could be subject to the same claims in state court pursuant to the SCTCA. The Court agrees with the Magistrate Judge's conclusion and finds the Eleventh Amendment does not bar Plaintiff's state law claims against Defendant SCDC. However, as will be explained, this finding does not extend to the merits of Plaintiff's state law claim for injunctive relief against Defendant SCDC.

The Court finds that there is a genuine issue of material fact as to whether Defendant SCDC is liable for the negligence or gross negligence of Defendant Cohen and Major. Defendants did not file objections on this ground and in his reply to Defendants' objections, Plaintiff requests the Court adopt the Report and Recommendation in full. In the absence of specific objections to the Report of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Therefore, the Court adopts the Report and Recommendation and denies Defendants' motion for summary judgment as to Plaintiff's state law claims for violation of the SCTCA.

### e. Injunctive Relief

The Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment as to Plaintiff's § 1983 claim for prospective injunctive relief against Defendant Cohen in his official capacity and Plaintiff's state law claim for injunctive relief against Defendant SCDC. Plaintiff was released from custody on May 1, 2019 and his release renders his claim for injunctive relief moot. *See Moneyhan v. Keller*, 563 F. App'x 256, 258 (4th Cir. 2014) ("We conclude that the district court correctly determined that Moneyhan's claim for injunctive relief was rendered moot by his release" from prison "[d]uring the pendency of his case").

Defendants did not file objections on this ground and in his reply to Defendants' objections, Plaintiff requests the Court adopt the Report and Recommendation in full. In the absence of specific objections to the Report of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Therefore, the Court adopts the Report and Recommendation and grants Defendants' motion for summary judgment as to Plaintiff's § 1983 claim for prospective injunctive relief against Defendant Cohen in his official capacity and his state law claim for injunctive relief against Defendant SCDC as moot.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the thorough Report and Recommendation, and the objections thereto, the Court adopts in part and rejects in part the Report and Recommendation. (ECF No. 47). Defendants' Motion for Summary Judgment is granted in part and denied in part. (ECF No. 3). Specifically, the Court adopts the Report and denies Defendants' Motion for Summary Judgment on the following grounds: (1) Plaintiff's claims

on the issue of exhaustion; (2) Plaintiff's § 1983 Eighth Amendment claims against Defendant Cohen in his individual capacity; (3) Plaintiff's state law claims for negligence and gross negligence against Defendant SCDC. Additionally, the Court adopts the Report and grants Defendants' Motion for Summary Judgment on the following grounds: (1) Plaintiff's § 1983 claim for prospective injunctive relief against Defendant Cohen in his official capacity; (2) Plaintiff's state law claim for injunctive relief against Defendant SCDC; (3) remainder of Plaintiff's claims which are dismissed with prejudice. However, the Court declines to adopt the Report's conclusion that the issue of exhaustion presents a question of fact to be decided by the jury because the Fourth Circuit has held that it is an issue of law.

This case will be set for trial for the November/December term of court with jury selection on November 5, 2020 and trial beginning on November 16, 2020. The Court will issue a scheduling order setting forth the pretrial obligations of the parties for matters such as exhibits, witness lists, and motions in limine. The deadlines in the forthcoming trial schedule are all required in the Local Rules for the district and will not be extended.

IT IS SO ORDERED.

April 6, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge